UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


HSBC BANK USA, N.A., as Trustee on              )
behalf of ACE Securities Corp. Home             )
Equity Loan Trust and for the registered        )
holders of ACE Securities Corp. Home            )
Equity Loan Trust, Series 2007-HE2,             )
Asset-Backed Pass-Through Certificates,         )
                                                )
                Plaintiff,                      )
                                                )       Case No. 12 CV 6561
        v.                                      )
                                                )       Judge Joan B. Gottschall
DAVID GARCIA; AQUA FINANCE,                     )
INC.; LVNV FUNDING, LLC; MIDLAND                )
FUNDING, LLC; MORTGAGE                          )
ELECTRONIC REGISTRATION                         )
SYSTEM, INC., as a nominee for People's         )
Choice Home Loan, Inc.; UNITED                  )
STATES OF AMERICA, INTERNAL                     )
REVENUE SERVICE,                                )
                                                )
                Defendants.                     )

## MEMORANDUM OPINION & ORDER

Plaintiff HSBC Bank USA, N.A. filed a complaint to foreclose a mortgage on August 17, 2012, against defendants David Garcia, the Mortgage Electronic Registration System, Inc. (MERS); Aqua Finance, Inc.; LVNV Funding, LLC; Midland Funding, LLC; and the United States, Internal Revenue Service. After the defendants failed to appear, the court granted default judgment in favor of HSBC and ordered that The Judicial Sales Corporation be appointed as special commissioner to sell the mortgaged property at auction. Defendant David Garcia then successfully moved the court to vacate the default judgment entered against him. Now before the court are HSBC's motions for summary judgment and to appoint a special commissioner. The motions are granted.

# I. BACKGROUND FACTS

The following facts are not disputed unless otherwise stated. Around August 28, 2006, Garcia executed a note in favor of People's Choice Home Loan, Inc. in exchange for a loan of $198,400 at an annual interest rate of 7.75%. Garcia agreed to make monthly payments on the first day of every month. The loan was secured by a mortgage for property at 9311 South Troy Street, Evergreen Park, Illinois,[1] with MERS as the mortgagee. An assignment of mortgage document dated February 27, 2007 indicates that MERS, as nominee for People's Choice, assigned the loan to HSBC.

HSBC submitted an affidavit from Denise V. Lundquist, a contract management coordinator at Ocwen Loan Servicing, LLC, which is responsible for servicing Garcia's mortgage account. Based on a review of Ocwen's servicing records, Lundquist attests that HSBC owns Garcia's note and mortgage. Garcia denies that HSBC owns Garcia's note and mortgage, but identified no supporting affidavit or evidence to contradict Lundquist's affidavit or the assignment of mortgage document.

Lundquist's affidavit indicates that Garcia has defaulted on the loan, which had an outstanding balance of $238,011.43 as of December 26, 2012. HSBC states that Garcia stopped making monthly payments in December 2011, and that no payments have been made on the note since that date. Garcia denies these statements.

The complaint seeks, among other things, a judgment of foreclosure and sale of the Troy Street property by public auction. The complaint also asks that the court terminate the "interest in or lien on the mortgaged real estate" of defendants MERS, Aqua Finance, LVNV, Midland Funding, and the IRS. (Compl. 3, ECF No. 1.)

---

[1] Plaintiff's Local Rule 56.1 Statement of Undisputed Facts incorrectly lists the property's address as 6846 S. Cornell, Chicago, Illinois. The complaint, however, states the address correctly. (*See* Compl. 3, ECF No. 1; *see also* Affidavit of Debt 1, ECF No. 32-1.)

Julia Bochnowski, attorney for HSBC, submitted an affidavit stating that HSBC has incurred $2,446 in attorney's fees and costs in connection with this litigation, consisting of a $490 process server expense; a $56 recording expense; $350 in court costs; and $1,550 in attorney's fees.

## II. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim if it lacks subject-matter jurisdiction over it. *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further."). When deciding a motion to dismiss pursuant to Rule 12(b)(1), the court accepts "as true all facts alleged in the well-pleaded complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

Summary judgment is appropriate when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009). "[A] factual dispute is 'genuine' only if a reasonable jury could find for either party." *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). The court ruling on the motion construes all facts and makes all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is warranted when the nonmoving party cannot establish an essential element of its case on which it will bear the burden of proof at trial. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012).

# III. ANALYSIS

## A. Jurisdiction

Garcia's statement of material facts in opposition to summary judgment alleges: "Plaintiff has failed to establish diversity jurisdiction exists pursuant to 28 U.S.C. § 1332."[2] (ECF No. 41, at 3.) Although Garcia does not explain how HSBC's complaint was jurisdictionally deficient, "the court has an independent duty to satisfy itself that it has subject-matter jurisdiction." *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994).

HSBC's complaint states that this court has subject-matter jurisdiction under 28 U.S.C. § 1332. Under that statute, district courts have original jurisdiction for civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interests and costs. The complaint also states that the IRS "is a party to this action pursuant to 28 U.S.C. [§] 1340." (Compl. 2, ECF No. 1.)

The complaint alleges that HSBC is chartered under Virginia law and has its principal place of business in Virginia, and that Garcia is a citizen of Illinois. The complaint also alleges that MERS is incorporated in Wyoming with its principal place of business in California; that Aqua Finance is incorporated and has its principal place of business in Wisconsin; that LVNV Funding is organized in Delaware with its principal place of business in South Carolina; and that Midland Funding is organized under Delaware law with its principal place of business in California. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the states in which it has been incorporated and where it has its principal place of business. Garcia does not dispute these allegations. HSBC, as a citizen of Virginia, is a citizen of a different state from Garcia and the corporate defendants. The amount in controversy exceeds $75,000; the complaint alleges that Garcia has an outstanding balance of over $220,000 on his loan. Thus, the court would have

---

[2] This is a legal conclusion, not a statement of fact.

jurisdiction over a suit between HSBC, Garcia, and the corporate defendants under 28 U.S.C. § 1332.

But the jurisdictional inquiry cannot stop there, as the complaint names the "United States of America, Internal Revenue Service" as a defendant "by virtue of a IRS lien entered against David Garcia . . . ." (Compl. 4, ECF No. 1.) The IRS, "which is part of the federal government, is not a 'citizen of a state,' and thus its presence destroys complete diversity." *Frey v. EPA*, 270 F.3d 1129, 1136 (7th Cir. 2001); *see also HSBC Bank USA, N.A. v. Curtin*, No. 13 C 03467, 2013 WL 2422904, at *1 (N.D. Ill. May 13, 2013).

The complaint seeks to terminate the IRS's lien over Garcia. If the IRS had been named the sole defendant in the suit, the court would have "independent jurisdiction over the claim . . . under 28 U.S.C. § 1340, since the suit to determine the validity and priority of the federal lien turns on and arises under federal tax laws, namely 26 U.S.C. § 6323." *Pac. Mut. Life Ins. Co. v. Am. Nat'l Bank & Trust Co. of Chi.*, 642 F. Supp. 163, 165 (N.D. Ill. 1986); *HSBC*, 2013 WL 2422904, at *1 ("HSBC's claim against the United States falls under § 1340, and therefore, this Court has federal question jurisdiction over that claim."); *see also* 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . .").

Does the fact that the United States is not a citizen of a state defeat diversity jurisdiction? Courts in this district are split on the question. In *Pacific Mutual*, the court held that 28 U.S.C. § 2410 "allows the United States to be joined to a foreclosure suit without destroying the diversity jurisdiction which existed over the rest of the suit." *Pac. Mut. Life Ins. Co.*, 642 F. Supp. at 166; *see also* 28 U.S.C. § 2410(a) ("[T]he United States may be named a party in any civil action or suit in any district court . . . to foreclose a mortgage or other lien upon . . . real or

personal property on which the United States has or claims a mortgage or other lien."). The *Pacific Mutual* court also determined that it would have jurisdiction over the case even if it did not rely on 28 U.S.C. § 2410, as it would have diversity jurisdiction over one group of defendants and federal-question jurisdiction under 28 U.S.C. § 1331 over the separate claim against the United States. *Pac. Mut. Life Ins. Co.*, 642 F. Supp. at 167.

In *HSBC Bank*, the court agreed with the *Pacific Mutual* court in that the court has federal-question jurisdiction over the claim against the United States. *See HSBC*, 2013 WL 2422904, at *1 ("'[D]istrict courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue.'") (quoting 28 U.S.C. § 1340). But the *HSBC Bank* court held that "there can be no diversity jurisdiction under § 1332 because the United States is named as a party." *HSBC*, 2013 WL 2422904, at *1. Nevertheless, it determined that the court had supplemental jurisdiction over HSBC's state-law foreclosure claim because it was part of the "same case or controversy" as the federal claim. *Id.* at *1; *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action on which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . . Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

The court finds the *HSBC Bank* court's reasoning persuasive. The court cannot exercise diversity jurisdiction in a case in which the United States is a party. Thus, the court rejects HSBC's contention that subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

Nevertheless, the court concludes that it may exercise federal-question jurisdiction over the claim against the United States pursuant to 28 U.S.C. §§ 1331 and 1340. *Accord HSBC*

*Bank*, 2013 WL 2422904, at *1; *see also Smith v. Kan. City Title & Trust Co.*, 255 U.S. 180, 199 (1921) ("The general rule is that, where it appears from the bill or statement of the plaintiff that the right to relief depends upon the . . . laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction . . . ."). The court exercises its discretion to retain supplemental jurisdiction over both the state-law foreclosure claim against Garcia and the termination of the remaining defendants' interests in the mortgaged property pursuant to 28 U.S.C. § 1367(a) because "they form part of the same case or controversy." *Accord HSBC Bank*, 2013 WL 2422904, at *1; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). In conclusion, the court has subject-matter jurisdiction over HSBC's claim against the United States pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(a).

It appears, regrettably, that HSBC has failed to heed Judge Tharp's warning in *HSBC Bank*: "To be clear, however, the Court does not have diversity jurisdiction in this case and plaintiffs in foreclosure cases are advised to modify their jurisdictional allegations accordingly when the United States is named as a defendant in their action." *HSBC Bank*, 2013 WL 2422904, at *2.

The court urges HSBC (and other plaintiffs in foreclosure cases) to modify its jurisdictional allegations to comply with Rule 8(a)(1) of the Federal Rules of Civil Procedure, which requires complaints to contain "a short and plain statement of the grounds for the court's jurisdiction" that has legal support. Copying jurisdictional boilerplate from complaint to complaint without verifying its legal suitability for a particular case is both irresponsible lawyering and a dereliction of an attorney's obligations under Rule 11(b)(2) of the Federal Rules of Civil Procedure. *See Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir.

7

2006) ("Federal courts are courts of limited jurisdiction: 'It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

B.   **Summary Judgment**

HSBC asks this court to enter a judgment of foreclosure in favor of HSBC, enter an award of $283,011.43 plus interest of $12.89 per day after December 26, 2012, and attorney's fees and costs in the amount of $2,446. It argues that it has established its possession of the note, endorsed in blank by People's Bank, and that under Illinois law, the "holder" of a note endorsed in blank has the right to enforce payment on it. The note provides that in the event of default, "the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note . . . [including] reasonable attorney's fees." (Note 3, ECF No. 32-2.)

Garcia does not contest the substance of HSBC's motion for summary judgment. Instead, Garcia argues that the court should deny the motion because HSBC failed to attach a Loss Mitigation Affidavit to its summary judgment motion as required by Illinois Supreme Court Rule 114. That rule requires a foreclosure plaintiff to file an affidavit specifying "(1) Any type of loss mitigation which applies to the subject mortgage; (2) What steps were taken to offer said type of loss mitigation to the mortgagor(s); and (3) The status of any such loss mitigation efforts." Ill. S. Ct. R. 114.

Under the *Erie* Doctrine, when a federal court sits in diversity, it applies state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (construing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). As noted above, this court's jurisdiction over the state-law claims against Garcia stem not from diversity jurisdiction under 28 U.S.C. § 1332, but from

supplemental jurisdiction under 28 U.S.C. § 1367(a). But "the Supreme Court has made clear that the [*Erie*] doctrine applies equally to state law claims . . . that are brought to the federal courts through supplemental jurisdiction under 28 U.S.C. § 1367." *Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002) (citing *Felder v. Casey*, 487 U.S. 131, 151 (1988)). The parties agree that Illinois substantive law governs HSBC's allegations against Garcia. Thus, the court must determine whether Rule 114 is substantive or procedural. If the rule is procedural, then under the *Erie* doctrine, it does not apply in this case.

Other judges in this district have uniformly held that Rule 114 is a procedural rule rather than a substantive one. *E.g.*, *HSBC Bank USA, N.A. v. Leon*, No. 12 C 9549, 2014 WL 1088810, at *2 (N.D. Ill. Mar. 18, 2014); *Deutsche Bank Nat'l Trust, Co. v. Ortiz*, No. 12-CV-3651, 2014 WL 117347, at *3 (N.D. Ill. Jan. 13, 2014); *HSBC Bank USA, N.A. v. Aguilar*, No. 12 C 10397, 2013 WL 4451248, at *2-3 (N.D. Ill. Aug. 16, 2013). The court agrees with that conclusion; the Illinois Code of Civil Procedure grants the Illinois Supreme Court rulemaking power. Rule 1 of the Illinois Supreme Court Rules makes clear that the Illinois Supreme Court Rules are procedural in nature. Ill. S. Ct. R. 1.; *see also Bachenski v. Malanati*, 11 F.3d 1371, 1380 (7th Cir. 1993 (noting that the Illinois Supreme Court Rules are "the procedural rules of the Illinois courts") (emphasis omitted). Because Rule 114 is a state procedural rule, it does not apply in this dispute and does not impose a bar on HSBC to move for summary judgment.

The court finds that HSBC's attorneys' fees and costs of $2,446 are reasonable, and Garcia does not argue otherwise. The court concludes that HSBC has shown that it is entitled to judgment as a matter of law and that there is no genuine dispute as to any material fact. Accordingly, the court grants HSBC's motion for summary judgment.

## C. Special Commissioner

HSBC asks this court to appoint The Judicial Sales Corporation as a special commissioner pursuant to 28 U.S.C. § 2001(a) and Section 1507 of the Illinois Mortgage Foreclosure Law. Garcia has indicated no opposition to this motion. The motion is granted.

## IV. CONCLUSION

For the reasons stated above, the court grants HSBC's motion for summary judgment and enters judgment in favor of HSBC and against Garcia. The full details of the Judgment of Foreclosure will be set forth more fully in the separate judgment order entered this date, including the award of $238,011.43 plus interest of $12.89 per day after December 26, 2012, and $2,446 in attorney's fees and cost. Furthermore, for purposes of the sale, the court also grants HSBC's motion to appoint a special commissioner and appoints The Judicial Sales Corporation as Special Commissioner for the purposes of conducting a public foreclosure sale of the subject property in accordance with the terms set forth in the Judgment of Foreclosure.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: August 6, 2014